IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

BAY AREA CREDIT SERVICE, LLC, a California limited liability company, and
HOV SERVICES, LLC, a Nevada limited liability company,

    Plaintiffs,

v.

PAUL J. KONKEL and
DOUGLAS C. SPENCER

    Defendants.

## COMPLAINT

Plaintiffs Bay Area Credit Service, LLC and HOV Services, LLC, by and through their undersigned counsel, and for their Complaint against Paul J. Konkel and Douglas C. Spencer state and allege as follows:

### PARTIES

1. Plaintiff Bay Area Credit Service, LLC ("Bay Area") is a California limited liability company with its principal place of business in Antioch, California.

2. Plaintiff HOV Services, LLC ("HOV") is a Nevada limited liability company with its principal place of business in Troy, Michigan.

3. Defendant Paul J. Konkel ("Konkel") is an individual residing in Littleton, Colorado and was President and a shareholder of TrueLogic Financial Corporation

4841-4196-9923.5

("TrueLogic"), a dissolved Delaware corporation with its former principal place of business in Englewood, Colorado.

4. Defendant Douglas C. Spencer ("Spencer") is an individual residing in Silverthorne, Colorado and was Executive Vice-President and a shareholder of TrueLogic.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds the sum or value of $75,000 inclusive of interest and costs, and is between citizens of different states. This Court has personal jurisdiction over Defendants Paul J. Konkel and Douglas C. Spencer (collectively, the "Defendants") because Defendants reside in this judicial district, conducted business in this judicial district, entered into various agreements which are the subject of this action in this judicial district and the majority of Defendants' actionable conduct as set forth below occurred in this judicial district.

6. Venue is proper in this district under 28 U.S.C. § 1391(a) because, among other things, Konkel and Spencer reside in this district and are subject to personal jurisdiction at the time this suit is commenced in this district.

## GENERAL ALLEGATIONS

A. **TrueLogic's Indebtedness And Defendants' Personal Guarantees.**

7. TrueLogic was a Delaware corporation that, among other things, engaged in the business of providing receivables management services to numerous customers throughout the United States.

8. On or about August 30, 2005, JPMorgan Chase Bank, NA ("JPMorgan") and TrueLogic entered into a Credit Agreement, whereby JPMorgan agreed to extend to TrueLogic a

line of credit up to the principal amount of $500,000 (the "JPMorgan Loan") pursuant to the terms and conditions of the Credit Agreement.

9. In connection with the Credit Agreement, and as a security for the JPMorgan Loan, TrueLogic executed a Line of Credit Note in the principal amount of $500,000 in favor of JPMorgan, dated August 30, 2005 (the "JPMorgan Note") (collectively, the Credit Agreement, the JPMorgan Note together with all amendments, modifications, ratifications and other documents and agreement regarding the Credit Agreement are referred to herein as the "JPMorgan Loan Documents").

10. In connection with the JPMorgan Loan Documents, Konkel executed a Continuing Guaranty in favor of JPMorgan, dated August 30, 2005 (the "Konkel JPMorgan Guaranty"), whereby Konkel personally and unconditionally guaranteed all of TrueLogic's obligations under the JPMorgan Loan Documents.

11. In connection with the JPMorgan Loan Documents, Spencer executed a Continuing Guaranty in favor of JPMorgan, dated August 30, 2005 (the "Spencer JPMorgan Guaranty"), whereby Spencer personally and unconditionally guaranteed all of TrueLogic's obligations under the JPMorgan Loan Documents (collectively, the Konkel JPMorgan Guaranty and the Spencer JPMorgan Guaranty are referred to herein as the "JPMorgan Guarantees").

12. Pursuant to a Term Credit Agreement, dated as of October 6, 2006, as amended by First Amendment to Term Credit Agreement dated as of November 20, 2006, as amended by Second Amendment to Term Credit Agreement dated as of December 6, 2006, as amended by Third Amendment to Term Credit Agreement dated as of December 8, 2006, and as amended by Fourth Amendment to Term Credit Agreement dated as of January18, 2007, between TrueLogic

and CFSC Capital Corp. XXXIV ("CFSC") (collectively, the Term Credit Agreement together with all amendments, modifications, restatements, promissory notes, and other loan documents and agreements regarding the Term Credit Agreement are referred to herein as the "CFSC Loan Documents"), CFSC agreed to lend TrueLogic up to $5.2 million (the "CFSC Loan") on the terms and conditions set forth in the CFSC Loan Documents.

13. In connection with the CFSC Loan Documents, and as a security for the CFSC Loan, Defendants executed a Third Amended and Restated Guaranty, dated February 15, 2007 (the "CFSC Guaranty"), whereby each Defendant personally and unconditionally guaranteed TrueLogic's obligations to CFSC under the CFSC Loan Documents up to the principal amount of $2,320,000.

**B.     The Asset Purchase Agreement And Assignment Of The Personal Guarantees.**

14. On or about June 5, 2007, Bay Area, TrueLogic and Defendants (and other shareholders of TrueLogic), as sellers, entered into an Asset Purchase Agreement (the "Purchase Agreement"), whereby Bay Area agreed to purchase certain assets of TrueLogic pursuant to the terms and conditions set forth in the Purchase Agreement.

15. On or about June 5, 2007, and in connection with Bay Area's purchase of certain assets of TrueLogic, JPMorgan, TrueLogic, Defendants and HOV entered into an Assignment of Notes and Other Loan Documents (the "JPMorgan Assignment"), whereby JPMorgan assigned, transferred, conveyed, granted and sold all of its rights, title and interests in and to the JPMorgan Loan Documents and the JPMorgan Guarantees to HOV.

16. As a result of the JPMorgan Assignment, HOV is the current owner and holder of the JPMorgan Loan Documents and the JPMorgan Guarantees.

17. On or about June 5, 2007, and in connection with Bay Area's purchase of certain assets of TrueLogic, CFSC, TrueLogic, and HOV entered into an Assignment of Notes and Other Loan Documents (the "CFSC Assignment"), whereby CFSC assigned, transferred, conveyed, granted and sold all of its rights, title and interests in and to the CFSC Loan Documents and the CFSC Guaranty to HOV.

18. As a result of the CFSC Assignment, HOV is the current owner and holder of the CFSC Loan Documents and the CFSC Guaranty.

19. In connection with Bay Area's purchase of certain assets of TrueLogic, Konkel executed a Nonnegotiable Promissory Note in favor of Bay Area in the principal amount of $100,000, dated June 22, 2007, (the "First Bay Area Note"), whereby Konkel agreed to pay Bay Area all interest and principal due under the First Bay Area Note on or before June 30, 2008.

20. In connection with Bay Area's purchase of certain assets of TrueLogic, Konkel executed a second Nonnegotiable Promissory Note in favor of Bay Area in the principal amount of $225,000, dated June 22, 2007, (the "Second Bay Area Note"), whereby Konkel agreed to pay Bay Area all interest and principal due under the Second Bay Area Note on or before December 31, 2008 (collectively, the First Bay Area Note and the Second Bay Area Note are referred to herein as the "Bay Area Notes").

**C.    Defendants' Breach Of Their Personal Guarantees.**

21. TrueLogic defaulted under the JPMorgan Loan Documents by, among other things, failing to pay HOV the amounts due and owing thereunder. As a result of TrueLogic's default under the JPMorgan Loan Documents, TrueLogic is indebted to HOV in the principal amount of $500,000, together with interest and other fees and costs as set forth in the JPMorgan

Loan Documents.

22. Defendants defaulted under the JPMorgan Guarantees by, among other things, failing to pay HOV the amounts due and owing under the JPMorgan Loan Documents. As a result of Defendants' respective defaults under the JPMorgan Guarantees, Defendants are jointly and severally indebted to HOV in the principal amount of $500,000, together with interest and other fees and costs as set forth in the JPMorgan Loan Documents and the JPMorgan Guarantees.

23. TrueLogic defaulted under the CFSC Loan Documents by, among other things, failing to pay HOV the amounts due and owing thereunder. As a result of TrueLogic's default under the CFSC Loan Documents, TrueLogic is indebted to HOV in the principal amount of $5.2 million, together with interest and other fees and costs as set forth in the CFSC Loan Documents.

24. Defendants defaulted under the CFSC Guaranty by, among other things, failing to pay HOV the amounts due and owing under the CFSC Loan Agreement and CFSC Notes. As a result of Defendants' respective defaults under the CFSC Guaranty, Defendants are jointly and severally indebted to HOV in the principal amount of $2,320,000, together with interest and other fees and costs as set forth in the CFSC Loan Documents and CFSC Guaranty.

25. Konkel defaulted under the Bay Area Notes by, among other things, failing to pay Bay Area the amounts due and owing thereunder and is currently indebted to Bay Area in the aggregate principal amount of $325,000, together with interest, costs and Bay Area's attorneys' fees and costs as set forth in the Bay Area Notes.

**FIRST CLAIM FOR RELIEF**
**(Breach of the Konkel JPMorgan Guaranty - Konkel)**

26. Plaintiffs incorporate the allegations of paragraphs 1 through 25 of the Complaint as if specifically set forth herein.

27. The Konkel JPMorgan Guaranty is a valid, binding and enforceable agreement between Konkel and HOV, whereby Konkel personally and unconditionally guaranteed all of TrueLogic's obligations under the JPMorgan Loan Documents.

28. HOV has fully performed its obligations under the Konkel JPMorgan Guaranty and all conditions precedent necessary to enforce the Konkel JPMorgan Guaranty have been met and/or satisfied.

29. TrueLogic defaulted under the JPMorgan Loan Documents by, among other things, failing to pay HOV the amounts due and owing thereunder. As a result of TrueLogic's default under the JPMorgan Loan Documents, TrueLogic is indebted to HOV in the principal amount of $500,000, together with interest and other fees and costs as set forth in the JPMorgan Loan Documents.

30. Konkel breached the Konkel JPMorgan Guaranty by, among other things, failing to pay HOV the amounts due and owing under the JPMorgan Loan Documents.

31. As a direct and proximate cause of Konkel's breach of the Konkel JPMorgan Guaranty, HOV has been damaged in an amount to be proven at trial together with pre- and post judgment interest on such damages and HOV's attorneys' fees and costs as provided in the Konkel JPMorgan Guaranty.

**SECOND CLAIM FOR RELIEF**
**(Breach of the Spencer JPMorgan Guaranty - Spencer)**

32. Plaintiffs incorporate the allegations of paragraphs 1 through 31 of the Complaint as if specifically set forth herein.

33. The Spencer JPMorgan Guaranty is a valid, binding and enforceable agreement between Spencer and HOV, whereby Spencer personally and unconditionally guaranteed all of TrueLogic's obligations under the JPMorgan Loan Documents.

34. HOV has fully performed its obligations under the Spencer JPMorgan Guaranty and all conditions precedent necessary to enforce the Spencer JPMorgan Guaranty have been met and/or satisfied.

35. TrueLogic defaulted under the JPMorgan Loan Documents by, among other things, failing to pay HOV the amounts due and owing thereunder. As a result of TrueLogic's default under the JPMorgan Loan Documents, TrueLogic is indebted to HOV in the principal amount of $500,000, together with interest and other fees and costs as set forth in the JPMorgan Loan Documents.

36. Spencer breached the Spencer JPMorgan Guaranty by, among other things, failing to pay HOV the amounts due and owing under the JPMorgan Loan Documents.

37. As a direct and proximate cause of Spencer's breach of the Spencer JPMorgan Guaranty, HOV has been damaged in an amount to be proven at trial together with pre- and post judgment interest on such damages and HOV's attorneys' fees and costs as provided in the Spencer JPMorgan Guaranty.

**THIRD CLAIM FOR RELIEF**
**(Breach of the CFSC Guaranty – Spencer and Konkel)**

38. Plaintiffs incorporate the allegations of paragraphs 1 through 37 of the Complaint as if specifically set forth herein.

39. The CFSC Guaranty is a valid, binding and enforceable agreement between Defendants and HOV, whereby each Defendant personally and unconditionally guaranteed all of TrueLogic's obligations under the CFSC Loan Documents.

40. HOV has fully performed its obligations under the CFSC Guaranty and all conditions precedent necessary to enforce the CFSC Guaranty have been met and/or satisfied.

41. TrueLogic defaulted under the CFSC Loan Documents by, among other things, failing to pay HOV the amounts due and owing thereunder. As a result of TrueLogic's default under the CFSC Loan Documents, TrueLogic is indebted to HOV in the principal amount of $5.2 million, together with interest and other fees and costs as set forth in the CFSC Loan Documents.

42. Defendants breached the CFSC Guaranty by, among other things, failing to pay HOV the amounts due and owing under the CFSC Loan Documents.

43. As a direct and proximate cause of Defendants' breach of the CFSC Guaranty, HOV has been damaged in an amount to be proven at trial together with pre- and post judgment interest on such damages and HOV's attorneys' fees and costs as provided in the CFSC Guaranty.

### FOURTH CLAIM FOR RELIEF
(Breach of the Bay Area Notes - Konkel)

44. Plaintiffs incorporate the allegations of paragraphs 1 through 43 of the Complaint as if specifically set forth herein.

45. The Bay Area Notes are valid, enforceable and binding agreements between Konkel and Bay Area, whereby Konkel promised to pay Bay Area the aggregate principal sum of $325,000 on or before December 31, 2008.

46. Bay Area has fully performed its obligations under the Bay Area Notes and all conditions precedent necessary to enforce the Bay Area Notes have been met and/or satisfied.

47. Konkel breached the Bay Area Notes by, among other things, failing to pay Bay Area the amounts due and owing thereunder.

48. As a direct and proximate cause of Konkel's breach of the Bay Area Notes, Bay Area has been damaged in an amount to be proven at trial together with pre- and post-judgment interest on such amounts and Bay Area's attorneys' fees and costs associated with enforcing the Bay Area Notes.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Bay Area Credit Service, LLC and HOV Services, LLC pray that judgment enter in their favor and against Defendants Paul J. Konkel and Douglas C. Spencer on the claims asserted herein, and that they be awarded the following relief:

a. With respect to Plaintiffs' First Claim for Relief, HOV prays that judgment enter in its favor and against Konkel and that HOV be awarded money damages in an amount to be proven at trial together with pre- and post-judgment interest on such damages and an award of HOV's attorneys' fees and costs as provided in the Konkel JPMorgan Guaranty.

b. With respect to Plaintiffs' Second Claim for Relief, HOV prays that judgment enter in its favor and against Spencer and that HOV be awarded money damages in an amount to be proven at trial together with pre- and post-judgment interest on such damages and an award of HOV's attorneys' fees and costs as provided in the Spencer JPMorgan Guaranty;

    c.    With respect to Plaintiffs' Third Claim for Relief, HOV prays that judgment enter in its favor and against Defendants, jointly and severally, and that HOV be awarded money damages in an amount to be proven at trial together with pre- and post-judgment interest on such damages and an award of HOV's attorneys' fees and costs as provided in the CFSC Guaranty;

    d.    With respect to Plaintiffs' Fourth Claim for Relief, Bay Area prays that judgment enter in its favor and against Konkel and that Bay Area be awarded money damages in an amount to be proven at trial together with pre- and post-judgment interest on such damages and an award of Bay Area's attorneys' fees and costs as provided in the Bay Area Notes; and

    e.    Any such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 17th day of June, 2009.

                              KUTAK ROCK LLP

                              *s/ Mark C. Willis*
                              Mark C. Willis
                              Neil L. Arney
                              Kelly Kilgore
                              1801 California Street, Suite 3100
                              Denver, CO 80202-2658
                              Telephone: (303)297-2400
                              Facsimile: (303) 292-7799
                              E-mail: mark.willis@kutakrock.com
                                          neil.arney@kutakrock.com
                                          kelly.kilgore@kutakrock.com

                              ATTORNEYS FOR PLAINTIFFS

Plaintiffs' Addresses:

Bay Area Credit Service, LLC
1901 W 10th Street
Antioch, CA  94509

HOV Services, LLC
1305 Stephenson Hwy
Troy, MI  48083

4841-4196-9923.5                                12